not have been set aside. (Appeal from Order of Supreme Court, Niagara County, Mintz, J.—Set Aside Verdict.) Present —Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

EDWARD TYLER et al., as Parents and Natural Guardians of DORRIS TYLER, an Infant, Respondents, v MEMORIAL HOSPITAL OF WILLIAM F. AND GERTRUDE F. JONES et al., Appellants.—Order unanimously affirmed with costs for reasons stated in decision at Supreme Court, Gossel, J. (Appeal from Order of Supreme Court, Allegany County, Gossel, J.— Late Notice of Claim.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

WILLIAM BOMMER, Respondent-Appellant, et al., Plaintiff, v COUNTY OF ERIE, Appellant-Respondent. (Appeal No. 1.) —Appeal and cross appeal dismissed without costs. Memorandum: Because we have reversed the order denying defendant's motion to set aside the judgment and have granted defendant's motion, the appeal and the cross appeal from the judgment are moot.

All concur, except Doerr, J. P., and Green, J., who dissent and vote to affirm. (Appeals from Judgment of Supreme Court, Erie County, Doyle, J.—Negligence.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

WILLIAM BOMMER, Respondent-Appellant, et al., Plaintiff, v COUNTY OF ERIE, Appellant-Respondent. (Appeal No. 2.) —Appeal and cross appeal unanimously dismissed without costs *(see, Matter of Eric D.* [appeal No. 1], 162 AD2d 1051). (Appeals from Judgment of Supreme Court, Erie County, Doyle, J.—Negligence.) Present—Doerr, J. P., Boomer, Green, Pine and Balio, JJ.

WILLIAM BOMMER, Respondent-Appellant, et al., Plaintiff, v COUNTY OF ERIE, Appellant-Respondent. (Appeal No. 3.) —Order reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court should have granted defendant's motion to set aside the jury verdict in accordance with CPLR 4404 (a). Assuming that defendant's failure to erect the sign post in concrete constituted negligence, there was no showing that such negligence was the proximate cause of the accident. Plaintiff failed to produce any evidence that the failure to mount the post in concrete caused the sign to be down. Thus, there was no showing that the improper installation of the sign contributed to plaintiff's injuries. Because the jury's determination was not based upon any "valid line of reasoning" or "permissible